## RODY HAGAN *v.* ENGLISH & MURPHY.

**Mechanics' Liens—Labor on Earth of Railroad.**

The mechanics' lien law of February 17, 1858, does not apply to work and labor performed in the erection of the earthwork of a railroad track. The mere earthwork of a railroad cannot be regarded as a structure in the sense that the term is used in the act.

**Appearance—Prosecution of Appeal.**

Although the court reversed the first judgment in the case of Murphy v. Higden because no summons had been issued and served on the pleadings of the Shanks, yet the prosecution of the appeal operated as the entering of the appearance of Murphy and Higden and no service of summons was necessary after the return of the case.

**Trust—Money Expended by Trustee—Preferred Lien.**

While the writing was not a deed of trust or binding on the creditors, yet so far as the Shanks executed the power therein conferred upon them, they are entitled to protection, and as they advanced their private means to carry on the work, they should be reimbursed in full.

**Trust—Compensation of Trustee.**

As to the claim of the trustees for compensation for services rendered, the paper under which they acted was notice to them that such a claim would be postponed until the preferred creditors were paid in full.

### APPEAL FROM GARRARD CIRCUIT COURT.

September 25, 1871.

OPINION BY JUDGE LINDSAY:

The mechanic's lien law of February 17, 1858, Myers' Supplement 300, does not, in our opinion, apply to work and labor performed in the erection of the earthwork of a railroad track. None of the claims presented by the appellant, Hagan, seem to be for work or labor done, either on bridges or culverts, or for any kind of work done by carpenters, joiners, brick masons, stone masons, plasterers, *termers*, painters, brick makers, nor by any one else in constructing or repairing any building or other structure. The mere earthwork of a railroad cannot be regarded as a structure in the sense that term is used in said act. The paper executed by English & Murphy is not, technically speaking, a deed of trust, but it operated as a power of attorney to

J. H. & S. H. Shanks. It was in no sense fraudulent as to any creditor, and seems to have been executed upon sufficient consideration.

While it was not binding upon creditors who were not parties to it, yet in so far as the Shanks executed the powers therein conferred upon them they are entitled to be protected, and if it was to enable English & Murphy to continue work upon their contract they advanced their own private means, they should be reimbursed in full out of the money paid over by the Louisville & Nashville Railroad Company after the institution of these actions.

As to their claims to compensation for services rendered, the paper under which they acted was of itself notice to them that such a claim would be postponed till the preferred debts were paid in full, it was, therefore, not error to so postpone such claims. Although this court reversed the first judgment in the case of *Murphy v. Higden* because no summons had been issued and served on the pleadings of the Shanks, yet the prosecution of the appeal operated as the entering of the appearance of Murphy and Higden, and no service of summons after the return of the cause was necessary. The deposition of Hill was taken subsequent to the filing of the mandate of this court, and was, therefore, properly read on the final trial of this cause.

Murphy, under whom Higden holds his claim, and whose assignee he is, was a party to and accepted the terms of the power of attorney executed to the Shanks by English and Murphy. This paper postponed the payment of their judgment until after certain prefered claims had been satisfied. This subsequent attempt to secure a preference, by a new suit and an order of injunction, was an attempt to violate their contract with the other creditors. The court properly disregarded this pretended injunction lien.

We are of opinion that the judgment in this cause secures substantial justice to all the parties complaining. That a protraction of the litigation will have the effect of exhausting the fund in the hands of the court, and operate injuriously to all parties interested. Wherefore the judgment is affirmed on the original and also on the cross-appeal.

*McKee, for appellant.*

*Bradley, Owsley & Burdett, for appellees.*